

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LAMOND PHILLIPS,<br><br>    Petitioner,<br><br>v.<br><br>B. M. CASH,<br><br>    Respondent. | Case No. CV 11-04448 AG (AN)<br><br>**ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION SHOULD NOT BE DISMISSED FOR FAILING TO STATE A COGNIZABLE CLAIM** |

## I. INTRODUCTION

Before the Court is a first amended petition for writ of habeas corpus ("FAP") brought pursuant to 28 U.S.C. § 2254 by Lawrence Lamond Phillips ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, Petitioner is ordered to show cause why the FAP should not be dismissed on the ground that it raises a non-cognizable claim.

## II. DISCUSSION

**A. Standard of Review**

Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") and this court's Local Rules. The Habeas Rules expressly provide

that a district court must promptly examine a § 2254 petition before service and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005); *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare a proposed order and judgment for summary dismissal for the district judge's consideration if it plainly appears from the face of petition that petitioner is not entitled to relief). In *Felix*, the United States Supreme Court expressly emphasized that Habeas Rule 2(c) is more demanding than notice pleading under Federal Rules of Civil Procedure 8(a), and requires a § 2254 petition to provide "a more detailed statement" that "specif[ies] all the grounds for relief available to the petitioner [and] state[s] the facts supporting each ground[.]" *Felix*, 545 U.S. at 655. Citing Habeas Rule 4 and its corresponding Advisory Committee Notes, *Felix* also stated, "it is the duty of the court to screen out frivolous applications and eliminate" a respondent's burden of preparing an "unnecessary answer" by summarily dismissing habeas petitions that fail to "state facts that point to a 'real possibility of constitutional error.'" *Id.* at 655-56.

**B.    Relevant State Proceedings**

Pursuant to Habeas Rule 4, the Court has reviewed the FAP. The Court has also taken judicial notice of relevant state court records, including the unpublished opinions in *People v. Phillips*, No. D056503, 2011 WL 1998221 (Cal. Ct. App. May 24, 2011) ("*Phillips 2011*"); *People v. Phillips*, Nos. B200624, B209824, 2009 WL 543109 (Cal. Ct. App. Mar. 5, 2009) ("*Phillips 2009*") and *Phillips v. Superior Court*, No. B201592, 2008 WL 1887094 (Cal. Ct. App. Apr. 30, 2008) ("*Phillips 2008*"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings). From what the Court can glean, the relevant state court records establish Petitioner has sustained the following three separate state convictions and related sentences.

### 1. 2000 Los Angeles Case

On June 27, 2000, Petitioner was charged by information with inflicting corporal injury upon a cohabitant (his then-girlfriend) and making criminal threats against his victim in a criminal case filed in the California Superior Court for Los Angeles County (case no. SA039108). *Phillips 2009*, 2009 WL 543109 at *1. On December 13, 2000, Petitioner entered a no contest plea to, and he sustained a conviction for, these charged offenses ("2000 Conviction"). *Id.* at *1-*3. On the same date, the trial court sentenced Petitioner to three years of formal probation, one condition of which was to serve 180 days in the county jail beginning on April 26, 2001, for his 2000 Conviction. *Id.* Petitioner completed his jail time, however, his probation was subsequently revoked and reinstated for repeated violations. *Id.* at *4. Petitioner did not file a direct appeal from his 2000 Conviction. *Phillips 2008*, 2008 WL 1887094 at *13.

### 2. 2005 Los Angeles Case

On August 23, 2005, the People commenced another, separate criminal action against Petitioner in the Los Angeles Superior Court (no. BA289039) where he was subsequently charged with seven counts of assault with a deadly weapon or by means of force likely to produce great bodily injury, and it was alleged that his 2000 Conviction qualified as a strike under California's Three Strikes law. *Phillips 2008* at *3. It appears a jury convicted Petitioner on all seven counts ("2006 Conviction") and the Los Angeles Superior Court sentenced Petitioner to a ten10-year prison term. However, on December 18, 2009, Petitioner was re-sentenced to a 7-year prison term. *See Phillips 2011*, 2011WL 1998221 at *1.

### 3. 2005 San Diego Case

On or about September 1, 2005, Petitioner was charged with committing various assault-related charges against another girlfriend in the San Diego Superior Court (case no. SCD193320) ("2005 San Diego case"). *See Phillips 2011*, 2011 WL 1998221 at *1; http://www.sdcourt.ca.gov/portal/page?_pageid =55,1056871&_dad

=portal&_schema=portal.) In or about August 2009 -- while Petitioner was serving his sentence for his 2006 Conviction in the 2005 Los Angeles case -- a San Diego jury convicted Petitioner in the 2005 San Diego case. On December 18, 2009 (the same day the Los Angeles Superior Court re-sentenced Petitioner to a 7-year prison term in the 2005 Los Angeles case), the San Diego Superior Court imposed a 24-year, four month, prison sentence against Petitioner in the 2005 San Diego case, for a total aggregate sentence of 31 years, four months. *Id.*

### 4. Petitioner's state challenges to his 2000 Conviction

On April 9, 2007, Petitioner filed a motion with the Los Angeles Superior Court to withdraw his 2000 plea and vacate his related judgment for the 2000 Conviction in the 2000 Los Angeles case; in the alternative, he also moved for a writ of error coram nobis on the ground that his plea relating to his 2000 Conviction had not been knowing, intelligent or voluntary. *Phillips 2009* at *4; *Phillips 2008* at *1. Both motions were made in an effort to avoid having Petitioner's 2000 Conviction used for impeachment purposes or as a prior strike. *Phillips 2008* at *1. On April 24, 2007, the superior court denied both motions. Id.

Petitioner filed an appeal from the Los Angeles Superior Court's April 24, 2007 order with the state court of appeal (case no. B200624) and requested a certificate of probable cause, which was denied. *Phillips 2008*, 2008 WL 1887094 at *1. Petitioner then filed a petition for writ of mandate in the state court of appeal seeking an order that would direct the superior court to issue a certificate of probable cause. *Id.* The court of appeal denied the petition, explaining:

> Although the issues in Phillips's [2000 Los Angeles] case involves the validity of his plea, based on the record before us, we conclude his appeal is not from the judgment of conviction which resulted from entry of the plea, but from the trial court's order denying his motion to vacate or withdraw his plea and denying his petition for a writ of

>error coram nobis. In short, Phillips . . . is not appealing from "a judgment of conviction upon a plea of guilty or nolo contendere." (Citation omitted.) Accordingly, a certificate of probable cause is not required.

*Id.* at 13.

On August 8, 2008, Petitioner filed a habeas petition with the same court of appeal while his aforementioned appeal was still pending. On March 5, 2009, the court of appeal issued its *Phillips 2009* opinion denying Petitioner's direct appeal and habeas petition. On April 22, 2010, Petitioner filed a habeas petition in the California Supreme Court (case no. S182083), which the state high court denied without comment on December 15, 2010. (State court records.)

### C.     Pending Proceedings and the FAP

On May 24, 2011, Petitioner commenced this action by filing his original petition. Pursuant to Rule 4 of the Habeas Rules, the magistrate judge conducted a pre-service review of the petition and found it was subject to dismissal because four of the five claims, if not all of the claims, appeared to be unexhausted. Accordingly, on June 1, 2011, the magistrate judge issued his pre-service Order (dkt. 4) notifying Petitioner about these problems and granting him leave to cure these defects by filing the FAP. On June 15, 2011, Petitioner responded by filing his pending FAP.

At the time Petitioner filed his original petition and FAP, Petitioner was in, and still is in, state custody pursuant to his 2006 Conviction and related 7-year sentence in the 2005 Los Angeles case. (Pet., ¶ 1 & FAP, ¶ 1; *see Phillips 2008*, 2008 WL 1887094 at *3.) However, the face of the FAP indicates it only challenges Petitioner's 2000 Conviction (FAP at 1 (top section); ¶ 2); the FAP does not mention or even allude to the fact that his current custodial sentence is based upon his 2006 Conviction in the 2005 Los Angeles case. The FAP raises one ineffective assistance of counsel ("IAC") claim in which Petitioner alleges his defense counsel in his 2000 Los Angeles case rendered ineffective assistance by failing to move to vacate his judgment and

withdraw his plea based upon "newly discovered evidence," and by failing to request a certificate of probable cause, filing a notice of appeal, or informing Petitioner of his options with respect to his 2000 Conviction. (FAP, ¶ 7(a).) For purposes of § 2254(a)'s in custody requirement, the Court construes the IAC claim attacking the expired, allegedly invalid 2000 Conviction as an attack on his current custodial sentence stemming from his 2006 Conviction to the extent it was partly enhanced or predicated upon the 2000 Conviction, which counted as one strike. *See Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994) (stating district court must construe petition challenging expired conviction as attack on pending sentence if it reasonably could be interpreted as such). Accordingly, the court finds Petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2254(a), and the Court has subject-matter jurisdiction over the IAC claim raised in the FAP. *See Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (finding § 2254(a)'s "in custody" requirement is jurisdictional, therefore, "federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed.")

However, the Court finds the FAP must be dismissed because the IAC claim is noncognizable in light of *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S. Ct. 1567 (2001) ("*Lackawanna*"). In *Lackawanna*, the Supreme Court expressly held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid," and that "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04. The Supreme Court recognized an exception to this general rule where the prior conviction was obtained in violation of the Sixth Amendment right to counsel under *Gideon v. Wainwright*, 372 U.S. 335, 83

S. Ct. 792 (1963). *See Lackawanna*, 532 U.S. at 404. The Supreme Court also left open the possibility of two other exceptions -- (1) where the defendant cannot be faulted for failing to obtain timely review of a constitutional claim (e.g., where a state court, "without justification, refuses to rule on a constitutional claim that has been properly presented to it"), and (2) where, after the time for direct or collateral review has expired, the defendant obtains "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 405. None of these exceptions apply here.

Accordingly, Petitioner is ordered to show cause why his FAP should not be dismissed with prejudice. Petitioner must do so by filing a written response no later than July 29, 2011. Petitioner is warned his FAP will be dismissed for want of prosecution and for disobedience with a Court Order if he does not file a written response by July 29, 2011. No further notice will be given.

IT IS SO ORDERED.

DATED: July 8, 2011

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE